## WALL vs. FORBES.—June, 1827.

A tract of land may acquire, by reputation, a name different from that which it bears in the patent, and may pass by such acquired name.

In an action of covenant, where the plaintiff sued out a warrant of resurvey, and plots were returned, to establish his claim he cannot examine a witness as to the location on such plots, who was neither examined upon nor attended the survey.

APPEAL from *Prince-George's* County Court. This was originally an action of *debt*, but was afterwards amended to *covenant*. It was brought by the appellee, as the survivor of *M'Elderry*, on the following instrument of writing: "On or before the twentieth day of May eighteen hundred and eighteen, we, or either of us, promise and oblige ourselves, our heirs, executors and administrators, to pay, or cause to be paid, to *Geo. Forbes* and *Horo. C. M'Elderry*, agents for the trustees of *Eliz. Bond*, their certain attorney, heirs, executors, administrators or assigns, the full and just sum of ten dollars per acre for one half of a tract of land known by the name of *Timber Neck*, and supposed to contain in the whole three hundred acres, with legal interest thereon from the 20th of November 1817, it being for value received. As witness our hands and seals this 1st of December 1817.

*Jno. B. Thomas*, (Seal.)

*John T. Wall*, (Seal.)

Witness,—*Charles S. Weems.*"

The declaration averred that the said tract of land contained in the whole 300 acres, and that the one half contained 150 acres. That the amount due from the defendant to the plaintiff for the one half, &c. amounted in the aggregate to $1500, with interest, &c. which the defendant had not paid, &c. The defendant pleaded, 1. That the plaintiff at the time, &c. had nothing in the land, whereof he could make sale, &c. 2. That the tract contained three acres and no more; without that, that the same contained 300 acres, &c. 3. Payment of the money he was bound to pay. Replications. To the *first* plea, demurrer, and joinder. To the *second*, that the tract contained 300 acres, and not three acres, &c. Issue joined. To the *third* plea, nonpayment, &c. Issue joined. A warrant of resurvey issued, and plots were made. Verdict for the plaintiff on the issues in fact. Demurrer overruled on the issue in law.

At the trial the plaintiff read in evidence the covenant upon which this suit was brought as herein before mentioned. He also read in evidence the plots and explanations in this cause. The plaintiff then claimed to be paid $10, per acre, for all the land which upon the plots filed is comprehended within the following lines: Beginning at black *D*, and running thence the lines shaded blue 1, 2, 3, &c. and which is described in the explanations as the land for which the trustees of *Elizabeth Bond* bring suit against *John T. Wall*, &c. And for the purpose of showing that under the issues in this cause, and upon the plots filed in it, they are entitled to, recover at the rate of $10, per acre, for all the land described and located as aforesaid, beginning at black *D*, and running the blue shaded lines, and which is alleged in the explanations to contain 272 acres, offered to prove by witnesses sworn in the cause, that the land included within the said lines as aforesaid had long been known by the name of *Timber Neck*, and that the covenant aforesaid related to said land comprehended within the lines aforesaid, and not to the tract of land located by him on the plots by the name of *Timber Neck*. And offered to give in evidence that the land embraced within the lines aforesaid had been known, long prior to the date of the said covenant, as *Timber Neck*, and that by virtue and under the said contract the defendant entered on the lands embraced within the said lines, and occupied it as *Timber Neck*. To the admission of any such parol testimony for such purposes, the defendant objected, and contended that upon the issues, plots and explanations, in this cause, such testimony could not be admitted to prove that the contract related to any land not located on the plots by the name of *Timber Neck*. But the Court, [*Key*, A J.] overruled the said objection, and was of opinion that the whole of said testimony offered by the plaintiff was admissible, and permitted every part of it to be given in evidence to the jury; and accordingly the same was given to the jury. The defendant excepted. Judgment on the verdict for the plaintiff, and the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and MARTIN, J.

*Magruder* and *Stonestreet,* for the Appellant. 1. If such parol proof could have been admitted at all, yet the plaintiff below, in order to offer such proof, ought to have located the land as the tract of land called or known by the name of *Timber Neck,* and not having done this, could not offer proof that it was, what he attempted to prove it to be, *Timber Neck.* 2. No such parol proof was admissible to explain or add to the written contract. 3. Parol proof that the covenant related to the said land, and not to the tract called *Timber Neck,* is utterly inadmissible. 4. The action could not be amended from *debt* to covenant.

To show that parol evidence was not admissible, they cited *Batturs vs Sellers & Patterson,* 6 *Harr. & Johns.* 249. 1 *Phill. Evid.* 412, 414. That the writ could not be amended they referred to the act of 1809, *ch.* 153; and *Stoddert vs Newman,* 7 *Harr. & Johns.* 251.

*C. Dorsey,* for the Appellee. Certainty in pleading is necessary. 1 *Chitty's Plead.* 235. The plots in the cause are a part of the pleadings, and this case must be assimilated to an action of ejectment. A tract of land may acquire a name by reputation. *Rench vs Beltzhoover,* 3 *Harr. & Johns.* 469. The contract was for the sale of *Timber Neck,* and it appears that certain tracts of land had acquired that name by reputation; and parol evidence is admissible to prove that fact. It is a latent ambiguity.

The defendant below waived his right to take advantage of the writ and declaration being amended from *debt* to *covenant,* by pleading to the amended declaration. *Boats vs Edwards,* *Doug.* 227.

BUCHANAN, Ch. J. delivered the opinion of the Court. There is no doubt that a tract of land may acquire, by reputation, a name different from that which it bears in the patent, and may pass by such acquired name. But that does not appear to be a point before us.

The contract, on which the suit was brought, relates to a tract of land called *Timber Neck.* A tract of that name is located on the plots returned in the cause, with three others, *Wood's Joy, Ludford's Hope,* and *Anderson's Chance;* then there is

a location carved out of those four tracts, which is described on the plots, as being *"Part of Timber Neck, Part of Wood's Joy, Part of Ludford's Hope,* and *Anderson's Chance;"* and to prove that they together, as so located, had long been known by the name of *Timber Neck,* and constituted the subject of the contract, and not the land located on the plots by the name of *Timber Neck,* witnesses were offered and admitted by the court below, who do not appear from the statement in the bill of exceptions, to have been on the survey. And the question presented is, whether under such circumstances such testimony ought to have been received? And we think it should not. As a general rule, a person who has neither been examined upon, nor attended a survey, is not a competent witness to give evidence at the trial of a cause in relation to the locations made upon the plots; and we can perceive nothing set out in the bill of exceptions, to take this case out of the rule. Nor do we mean to be understood as deciding the question, whether to render a witness competent at the trial, he must have been sworn on the survey; which is not necessary to be decided in this case.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.